**Opinion filed August 8, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00326-CR

_____

## JASON LOCONA SPRAGLIN A/K/A JASON LACOMAS SPRAGLIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR38,469**

## M E M O R A N D U M   O P I N I O N

The jury found Jason Locona Spraglin a/k/a Jason Lacomas Spraglin guilty of evading arrest or detention in a motor vehicle and found that he had a prior conviction for evading arrest or detention. The jury assessed punishment at confinement for six and one-half years. Appellant complains that there was insufficient evidence to convict him. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for evading arrest or detention in a motor vehicle when he had a prior conviction for evading arrest or detention. A person commits the third-degree felony offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him, uses a vehicle in flight, and has been previously convicted of evading arrest or detention.[1] Former TEX. PENAL CODE § 38.04(b)(2)(A) (2009).

## II. *Trial Evidence*

Appellant testified that he was riding with his cousin, Nora Morrison (known as "Pudding"), in a white 1999 Lincoln Town Car when Appellant saw Officer Daniel Stief of the Midland Police Department. Appellant said he told Pudding that the "police is busting a U" because Officer Stief had turned to follow them. Appellant said that he was a passenger in the front seat of the car because he had just been released from prison and did not have a driver's license. Appellant told Pudding to stop after Officer Stief flashed his lights, but Pudding refused to pull over and stop the car, which was owned by Pudding's girlfriend, Octavia Williams. Appellant said that Pudding led Officer Stief on a chase and that Pudding jumped out of the car and fled just before it crashed into a fence, tree, truck, and porch.

Appellant testified that he lied to police and told them that Cory, a black male in a white shirt and hat, had driven the car and fled the scene. Appellant changed his story at trial and said that Pudding was the driver and was wearing a black hat and yellow shirt that night. Appellant admitted that he had been previously convicted of evading arrest or detention and that he had been convicted

---

[1]Section 38.04 of the Texas Penal Code was revised in 2011, effective on September 1, 2011. The Code referenced in this opinion is the statute in force on the date of the offense.

of a federal felony drug offense, had had his probation revoked, and had just been released from prison.

Appellant's wife, Charmorri Spraglin, said that Appellant did not have a license to drive and that Pudding drove the car; she also confirmed that Williams and Appellant were not related and had no relationship. Appellant's sister, Braniceka Spraglin, said that Appellant and Pudding came to her house that evening in Williams's car and that, when they left, Pudding drove the car. She confirmed that Williams was Pudding's girlfriend and said that Pudding had come back to her house after the crash. She also said that Pudding was wearing a black jacket, cap, and shirt with a white shirt underneath. She admitted that she had been twice convicted of theft.

Officer Stief recalled that he had gone on duty in a marked patrol car, working alone, when he observed a white 1999 Lincoln Town Car on South Lamesa and noticed that the driver failed to signal 100 feet before he turned onto East Pennsylvania Street. Officer Stief turned around to follow the car and make a traffic stop. He flashed his lights, but the driver of the car turned onto Jefferson Street. He "bleeped" his siren, but the driver of the car turned onto Kentucky Street. He flashed his lights and activated his siren; however, the driver of the car turned onto Marshall Street and then onto New York Street but did not stop. Officer Stief said that, when he had his lights and siren on, the driver of the car ran a red light at the Florida Street and Terrell Street intersection and again did not stop. Officer Stief said that the car finally stopped when it ran over a fence, hit a tree and a truck, and then crashed into the porch at 1501 South Terrell Street.

Officer Stief said that he got out of his patrol car and went to see who was in the car. He noticed that Appellant was not belted and was in the front passenger seat leaning over toward the driver's side. Officer Stief also said that he looked at the driver's door and observed that its hinges were damaged; the door could only

open a few inches. Officer Stief said that he did not see anyone exit the car. He had his dash camera on, and it did not show anyone leaving the car. Officer Stief did not see any footprints leading away from the car.

Officer Stief interviewed Carmen Ellis, the owner of the house at 1501 Terrell Street. Ellis told the officers that night, as she also testified at trial, that she did not see anyone exit the car. Officer Stief said that he found no contraband in the car, but he arrested Appellant after a search of the area failed to turn up any other suspect. Officer Stief identified Appellant as the driver.

### III. *Issue Presented*

Was there sufficient evidence for the jury to find Appellant guilty beyond a reasonable doubt of the indicted offense of evading arrest or detention in a motor vehicle when he had a prior conviction for evading arrest or detention?

### IV. *Discussion and Analysis*

We apply the sufficiency standard outlined in *Jackson* and its progeny for Appellant's sole issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence admitted at trial by both the State and Appellant in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences that are raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 899; *Fuentes v.*

4

*State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993)).

Appellant argues that the evidence was insufficient to convict him because it was "equally balanced." Appellant and other witnesses testified that Pudding was the driver of the car, but Appellant admitted lying to police about the alleged driver. Officer Stief said that he immediately exited his patrol car and found Appellant in the front passenger seat without a seatbelt and leaning over to the driver's seat. Officer Stief testified that he did not see anyone exit the car just before it crashed. Ellis said that she did not see anyone leave the car. Officer Stief reported that officers searched for "Cory," who Appellant said had driven and had left the car, but they found no one. Officer Stief testified that the results of his investigation confirmed that Appellant was the driver of the car. The State also adduced evidence from Investigator David Clark, who compared Appellant's fingerprints with those in his prior pen pack, to establish Appellant's prior conviction. The jury was free to believe or disbelieve the testimony of any of the witnesses in this case. The jury chose not to believe Appellant's rendition of what happened that night, and it convicted him. We hold that a rational jury could have believed Officer Stief, Ellis, and Investigator Clark and could have found beyond a reasonable doubt that Appellant committed the offense of evading arrest or detention in a motor vehicle when he had a prior evading arrest or detention conviction.

## V. *Conclusion*

We hold that there was sufficient evidence for the jury to find Appellant guilty beyond a reasonable doubt of the indicted offense of evading arrest or detention in a motor vehicle when he had a prior conviction for evading arrest or detention. Appellant's sole issue is overruled.

5

*This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 8, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.